LAND, J.
 

 Plaintiff seeks to recover of defendant the sum of $16,195.60, the alleged value of certain buildings and improvements on a sawmill site
 
 *543
 
 near MeElroy, La., owned by plaintiff, and alleged to have been destroyed on November 30, 1924, by a fire negligently set out by defendant railroad company on its right of way, on or about September 15, 1924. . ■
 

 From a judgment rejecting its demands, plaintiff has appealed.
 

 MeElroy is a station oh the main line of defendant railroad company, and is about a mile and a half south of plaintiff’s sawmill plant. MeElroy Switch, a road constructed by plaintiff out of sawdust and refuse, connects the station with the plant; the intervening space being practically a swamp, which surrounds on all sides the mill site of plaintiff.
 

 The MeElroy dummy line and the MeElroy dump extend north from the mill site to New River and cross that stream.
 

 Sorrento is the first station above MeElroy Station. Conway bayou runs to the north of MeElroy Station and, in a northwesterly direction, intersects the right of way of defendant railroad company a short distance above MeElroy Station.
 

 The old Timberton dump crosses the right of way of defendant railroad company at an equal distance between Sorrento and Conway bayou, and extends north to New River.
 

 At a distance of 300 feet north from the tracks .of defendant railroad, and along the old Timberton dump, is located Barman’s switch, which runs east half of a mile to the mill site of plaihtiff.
 

 Plaintiff contends' that about the middle of September, 1924, during an unusually dry season, defendant company’s employees negligently set fire to its right of way between MeElroy Station and Sorrento Station; that this fire spr.ead along the old Timberton dump and remained smoldering in the sawdust of this dump until about a week before November 30, 1924, when it was fanned by a strong wind into a flame that ate its way to Barman’s switch, and thence along the switch to plaintiff’s mill site, and that the buildings and improvements of plaintiff on the mill,site were destroyed by this fire.
 

 Defendant railroad company, on the other ¡hand, denies that its employees negligently set out any fire upon its right of way, or that the buildings of plaintiff were destroyed by any back-firing on its right of way against forest fires.
 

 It is the contention of defendant company that, during the summer and fall of 1924, an unprecedented dry season prevailed; that there were fires in the swamp north and south of Sorrento; that, about two weeks before the destruction of plaintiff’s buildings, a fire started in the swamp east of plaintiff’s mill site, and about 300 feet from it; that this fire was on the MeElroy dump and did not reach the mill site at the time, as it was fought, but was left smoldering in the dump nearby.
 

 In support of the respective contentions of plaintiff and defendant, a large number of witnesses testified on both sides in the case. The testimony is not merely conflicting, but is flatly contradictory.
 

 The trial judge found that there was not any neglect on the part of defendant consisting of the improper firing of its right of way, and that there was no certainty that the fire which destroyed the property of plaintiff was negligently started by defendant.
 

 After a careful review and consideration of all of the evidence in the case, we have arrived at the same conclusion,
 

 Judgment affirmed.